## Case No. 7,061.

IREGUIST v. MOREWOOD et al.

[39 Hunt. Mer. Mag. (1858) 706.]

Circuit Court, S. D. New York.[1]

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

[1] [Affirmed in 23 How. (64 U. S.) 491.]

NELSON, Circuit Justice. The libel in this case was filed to recover freight, amounting to the sum of $9,160 56, upon a cargo of coffee and spices shipped from Padang. on the island of Sumatra, and Batavia, on the island of Java, in the fall of 1853, in the brig Gothland. The respondents set up damages sustained by the cargo on the voyage by way of abatement of the freight in consequence of bad stowage. neglect of proper ventilation of cargo, etc. The vessel arrived at this port in March, 1854, after a voyage of ninety-eight days. The court below decreed the whole of the freight for the libelant, with interest on the same, holding that the ship was not chargeable with the damage to the cargo.

Considerable additional evidence has been taken in this court since the appeal on behalf of the respondents. tending to prove negligence on the part of the master and crew in protecting the cargo in the course of the voyage. and also negligence in the stowage or filling the ship. It is agreed by all parties that the damage to the coffee and spices arose from the dampness and sweat of the hold of the vessel, and the material question in the case, and the one principally discussed by the counsel on the argument, is whether or not the damage could have been prevented by proper care. diligence, and skill of the master and hands, or was occasioned by their neglect. In the case of Clark v. Barnwell, 12 How. [53 U. S.] 272, 282, 283, the court held that damage to goods occasioned by the effect of humidity and dampness in the hold, in the absence of any fault in the ship. or in the navigation of her, or in the stowage, was a damage from one of the dangers and accidents of the seas for which the carrier is not liable. The exception in the bill of lading in the case before us is as broad as in the case of the 12th Howard.

The question, then. is one of fact. and must be determined upon the weight of the evidence. We have examined it with a good deal of care, both that which was taken in the court below and in this court, and have arrived at the conclusion that the cargo was well stored and the ship properly filled; that the usual and proper care was taken by the master in the progress of the voyage. at all times, when the weather would permit, to ventilate the cargo by opening the hatches; and that the damage was the effect of dampness and sweat in the hold of the vessel, incident to a passage from a warm to a cold climate, and especially of stormy or tempestuous weather in the latter, without the fault of the master in the navigation. Decree affirmed.